**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUCILLE PARKER,**

      **Plaintiff,**      **1:06-cv-1458**
                 **(GLS\VEB)**

    **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Empire Justice Center | LOUISE MARIE TARANTINO, |
| 119 Washington Avenue | ESQ. |
| 2nd Floor | |
| Albany, NY 12210 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. ANDREW BAXTER | JOHN M. KELLY |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| BARBARA L. SPIVAK | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Lucille Parker challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB) and retroactive supplemental security income (SSI), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) In a Report and Recommendation Order (R&R) filed April 15, 2009, Magistrate Judge Victor E. Bianchini recommended that the Commissioner be granted judgment on the pleadings and that Parker's complaint be dismissed.[1] (Dkt. No. 17.) Pending are Parker's objections to the R&R. (Dkt. No. 18.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

### II. Background[2]

On April 6, 2000, Parker filed an application for DIB and SSI under the Social Security Act (SSA), alleging she had been unable to work since July 10, 1997. (*See* R&R at 2, Dkt. No. 2.) After her application was

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (*See* Dkt. No. 17.)

[2] The court incorporates the factual recitations of the parties and Judge Bianchini. (*See* Pl. Br., Dkt. No. 13; Def. Br., Dkt. No. 15; R&R, Dkt. No. 17.)

2

denied, Parker requested a hearing before an Administrative Law Judge (ALJ), which was held on May 18, 2001.  (*See id.*)  On June 28, 2001, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*See id.*)

Parker commenced the present action by filing a complaint on December 4, 2006, seeking judicial review of the Commissioner's determination.  (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge Bianchini issued an R&R recommending dismissal of Parker's complaint.  (*See generally* R&R, Dkt. No. 17.)  In response, Parker filed objections to Judge Bianchini's R&R.  (*See* Dkt. No. 18.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer Social Security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 40.1, 72.3(d); General Order #18.

When a report and recommendation order is filed, the parties have ten days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten days from the receipt of

3

adversary objections to file responses. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). Under Local Rule 72.1(c), objections must specify the findings and recommendations that are the subject of the objections, and the substantive basis for these objections. The district court reviews de novo those portions of the magistrate judge's findings and recommendations that have been preserved through compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). "De novo review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation, internal quotation marks, and italics omitted).

A party who fails to object or fails to object in a timely manner procedurally defaults and is not entitled to judicial review. *See id.* at *3. Lack of specificity also gives rise to default. *See id.* at *4. The local rules require that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's

4

findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and results in default. *See id.* Lastly, the court ordinarily refuses to consider arguments, case law, or evidentiary material which a party was able but failed to present to the magistrate judge in the first instance. *See Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

While a procedural default dissolves a party's right to judicial review, courts may nevertheless elect to conduct such a review. *See Almonte*, 2006 WL 149049, at *5. This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* at *6.

### IV. Objections

Parker raises two specific objections to the R&R.[3] The court reviews

---

[3] Although Parker separates her objections into three categories, the first two categories address Judge Bianchini's findings regarding the manner in which the ALJ determined that Parker's disability was materially affected by her drug and alcohol use. (*See* Pl. Objections at 1-5, Dkt. No. 18.) Accordingly, the court treats these two categories as a single objection.

5

these objections de novo and the remainder of the R&R for clear error.

**A.     Materiality of Alcohol Abuse and *Frederick***

First, Parker objects to Judge Bianchini's conclusion that the ALJ applied the correct legal standards in determining (1) the material impact Parker's alcohol use had on her disability and (2) that Parker's mental and emotional impairments, absent her addiction, did not negate her ability to perform in a low stress occupational environment.  (*See* Pl. Objections at 1-5, Dkt. No. 18.)  This objection is without merit.

As Judge Bianchini makes clear, the SSA regulations require an ALJ first to determine whether a claimant is disabled under the guidelines' five-step approach[4] *before* "segregating out any effects that might be due to substance use disorders."  *Day v. Astrue*, No. 07-cv-157, 2008 WL 63285, at *5 (E.D.N.Y. Jan. 3, 2008) (citation and quotation marks omitted).  If the ALJ finds that the claimant is disabled under the five-step approach, as he did here, (Tr. at 23), the ALJ must then analyze whether the claimant's alcohol abuse and dependency "is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535(a); *see also* 42 U.S.C. § 423(d)(2)(C); *Orr v. Barnhart*, 375 F. Supp.2d 193, 201 (W.D.N.Y. 2005)

---

[4] *See generally* 20 C.F.R. §§ 404.1520, 404.920.

6

("[T]he ALJ must ... only after finding that plaintiff is disabled, determine which impairments would remain if plaintiff stopped using alcohol."). Contrary to Parker's assertions, the ALJ made a finding of disability and *then* evaluated the effects of Parker's alcohol abuse and dependency. (Tr. at 23.) Under the appropriate legal standard, the ALJ ultimately determined that Parker's alcohol abuse and dependency was a "contributing factor material to the determination of disability" under 42 U.S.C. § 423(d)(2)(C). (Tr. at 23.)

Parker's reliance on *Frederick v. Barnhart*, 317 F. Supp.2d 286 (W.D.N.Y. 2004), is misplaced. In *Frederick*, the district court held that the ALJ erred as a matter of law by failing "to identify plaintiff's remaining limitations so that [the ALJ] could complete the materiality analysis by determining whether these impairments (absent alcohol abuse) were themselves disabling within the meaning of the Act." 317 F. Supp.2d at 293. Here, however, as Judge Bianchini pointed out, the ALJ "engaged in precisely the sort of analysis identified in *Frederick*." (R&R at 13, Dkt. No. 17.) The ALJ considered Parker's additional psychiatric and mental impairments in the absence of Parker's alcohol abuse, recognized that the impairments would persist despite Parker's abstinence, but concluded that

7

Parker retained the residual functional capacity to perform work at a low stress exertional level as long as that work was not in proximity to alcohol. (Tr. at 23-24.) These conclusions were not, as Parker suggests, premised simply on the ALJ's finding that Parker's symptoms improved when she abstained from alcohol, but also on the finding that Parker's mental and emotional impairments were not disabling when accompanied by treatment. (Tr. at 24; *see also* R&R at 11-12, Dkt. No. 17.)

Accordingly, upon de novo review, the court adopts Judge Bianchini's findings that the ALJ applied the proper legal standards in determining that Parker's addiction was a contributing factor material to her disability; that Parker's mental and emotional impairments, separate and apart from her addiction, did not render her unable to perform work at a low stress exertional level; and that both determinations were supported by substantial evidence.

## B.   Ability to Perform Past Relevant Work

Second, Parker objects to Judge Bianchini's recommendation that substantial evidence supported the ALJ's finding that Parker's prior jobs constituted past relevant work and that Parker retained the residual functional capacity to perform the basic mental and emotional demands of

8

that work.  (*See* Pl. Objections at 6-7, Dkt. No. 18.)  This objection is also without merit.

In general, the SSA regulations define "past relevant work" as work that a claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1).  The fifteen-year period begins to run from the date the claimant's disability was established.  20 C.F.R. § 404.1565(a); *see also Hall v. Astrue*, No. 06-cv-1000, 2009 WL 2366891, at *8 (E.D.N.Y. July 31, 2009).  ALJs "do not usually" but may consider work a claimant did more than fifteen years prior to that date.  *See* 20 C.F.R. § 404.1565(a)*.*  Moreover, while the SSA guidelines set a floor for earnings that presumptively constitute substantial gainful activity, the ALJ may consider a claimant's past work, even if the earnings from that work fall below the guidelines. *See* 20 U.S.C. § 404.1574; *see also Koss v. Schweiker*, 582 F. Supp. 518, 521 (S.D.N.Y. 1984) (holding that § 404.1574 earnings guidelines are not mandatory).  And, as Judge Bianchini noted, the SSA guidelines provide additional information the ALJ may consider in determining whether the claimant's prior work constitutes substantial gainful activity.  (*See* R&R at 15, Dkt. No. 17 (citing 20 C.F.R. §

9

404.1574(b)(3)(ii)(A)).)

Upon review of Judge Bianchini's analysis, it is clear that the ALJ's determination—that Parker's prior work as a housekeeper and day-care teacher's assistant qualifies as past relevant work under the guidelines—was supported by substantial evidence under the appropriate legal standards.  And, while already finding that the ALJ applied the proper legal standard in finding that Parker retained the ability to perform work at a low stress exertional level, and that substantial evidence supported this finding, the court further points out that the ALJ, after evaluating Parker's residual functional capacity in the context of her past relevant work, concluded that her residual functional capacity would not prevent her from performing any activities related to her past relevant work.  (Tr. at 24-25.)  Accordingly, Judge Bianchini's recommendations regarding Parker's ability to perform past relevant work are adopted.

Lastly, Parker raises a general claim that the Commissioner should have obtained the services of a vocational expert.  (*See* Pl. Objections at 7, Dkt. No. 18.)  However, in addition to being conclusory, this assertion is a word-for-word restatement of an assertion submitted to Judge Bianchini.  (*Compare id.* at 7, *with* Pl. Br. at 20-21, Dkt. No. 13.)  Because this

10

assertion fails to comply with the specificity requirement, and would normally be procedurally defaulted, the court will review for clear error. *See Almonte*, 2006 WL 149049, at *5-6. Here, the ALJ's determination that Parker could return to her previous occupations, which was based, *inter alia*, on Parker's testimony, was supported by substantial evidence. Accordingly, the court finds no clear error.

## V. Conclusion

Having addressed Parker's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Parker's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 14, 2009
Albany, New York

*/s/ Gary L. Sharpe*
United States District Court Judge